UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES H. DONELL,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE AGENCY OF NEVADA, *et al.*,<br><br>　　　　　　　　　　Defendant. | Case No. 2:07-cv-00001-KJD-PAL<br><br>**ORDER**<br><br>(Mot Strike Rebuttal Expt - Dkt. #165) |

The court conducted a hearing on January 10, 2012, on a series of motions filed in this case: Plaintiff's Motion to Extend and Modify Discovery Plan and Scheduling Order (Tenth Request) (Dkt. #152); Defendants' Counter Motion to Strike Plaintiff's Expert Witness Designation (Dkt. #157); Defendants' Emergency Motion to Take Deposition from Connie Farris (Dkt. #161); and Defendants' Motion to Strike Plaintiff's Rebuttal Expert Witness Designation (Dkt. #165). The court has considered the moving and responsive papers and the arguments of counsel at the hearing. The Motion to Strike Plaintiff's Rebuttal Expert Witness (Dkt. #165) was taken under advisement as the opposition, reply and joinder were filed shortly after the hearing. The decision on the remaining motions were announced from the bench.

**BACKGROUND**

The complaint in this case was filed January 3, 2007. Plaintiff James H. Donell ("Donell") was appointed permanent receiver of Global Express Capital Real Estate Investment Fund I, LLC, Global Express Capital Mortgage Corp., Global Express Securities, Inc., Conrex International Financial, Inc., d/b/a Global Express Capital Mortgage, ("the Global Entities") and their subsidiaries and affiliates, on December 18, 2003, in an action brought by the Securities and Exchange Commission filed in this court, Case No. 2:03-cv-01514-KJD-LRL. The complaint alleges claims for breach of contract, breach

of fiduciary duty, fraud, constructive fraud, professional negligence, negligence, negligent representation, intentional representation, and violation of RICO Statute 18 U.S.C. § 962 (c) and 962 (d).  Individual Defendants Connie and Rex Farris have been dismissed.

The case has a long and convoluted procedural history, and has been complicated by a parallel federal mail fraud prosecution.  The discovery plan and scheduling order deadlines were continued many times.  On February 22, 2011, the then-assigned magistrate judge approved the parties' stipulation staying discovery until after the date of Connie Farris' sentencing hearing in the related criminal action, Case No. 2:07-cr-00051-RLH-PAL, because the parties wanted to depose her and Farris indicated that she would assert her Fifth Amendment rights if deposed prior to sentencing.  At the time the stipulation was submitted, her sentencing hearing was scheduled for March 18, 2011.  See Order (Dkt. #133).  A Scheduling Order (Dkt. #135) was entered April 15, 2011, which established a July 18, 2011, discovery cutoff and related case management deadlines generally consistent with LR 26-1 (e).  On June 15, 211, Plaintiff filed a Motion to Extend and Modify the Discovery Plan and Scheduling Order (Dkt. #140). The motion requested an additional 180-day extension of the discovery plan and scheduling order deadlines because the parties had agreed to participate in a mediation scheduled for July 12, 2011.  The motion represented that if the mediation was unsuccessful, the parties would need to complete written discovery and take depositions of various non-parties.  The motion represented that both sides were in agreement with the requested extension.  The parties requested an extension until November 19, 2011, to designate experts, and a December 19, 2011, deadline for rebuttal experts with a January 18, 2012, discovery cutoff.  The court entered an Order (Dkt. #142) approving the requested extensions.

## DISCUSSION

### I. Motion to Extend and Modify Discovery Plan and Scheduling Order (Tenth Request) (Dkt. #152).

Plaintiff filed this motion to extend on November 17, 2011, the day before the deadline for designating expert witnesses.  The motion acknowledges that it was not filed 21 days prior to the expiration of the deadlines as required by LR 26-4.  However, Plaintiff argues that a 60-day extension is warranted because, at the time the motion was filed, significant discovery remained and Fidelity had recently noticed a number of depositions in late November 2011, early December 2011, and January 9,

2012.  Additionally, Plaintiff argues that the scheduled mediation interrupted the parties' progress and that this is a complex case.  Finally, Plaintiff argues that the motion was brought in good faith and would not result in any prejudice to Defendant Fidelity.  Fidelity opposes the motion and filed a counter motion to strike Plaintiff's expert witness designation.  Fidelity timely produced its expert witness disclosures November 19, 2011, and identified Charles Jacobus as its escrow expert, and Chris Wilcox as its accounting expert.  Plaintiff served an expert witness disclosure identifying James T. Schaefer as an expert retained by Plaintiff to provide expert testimony in this case, but did not attach a report or comply with the requirements of Fed.R.Civ.P. 26(a)(2)(B).  Defendant argues that Plaintiff has not established good cause for another extension under the standards of LR 26-4, or Fed.R.Civ.P. 16(b)(4).  Fidelity also argues that it will be severely prejudiced if the court grants another extension because it complied with the deadlines, and timely disclosed its expert report.  Additionally, throughout this case the Plaintiff receiver has claimed approximately $1.3 million dollars in damages were in dispute.  However, Plaintiff's motion to extend inaccurately claims that this case is about 700 claimants/investors and damages in excess of $32 million dollars.

Defendant Flood filed a Joinder (Dkt. #158) in Fidelity's counter motion to strike, and also Joined (Dkt. #159) in Fidelity's opposition to Plaintiff's motion to extend.  Plaintiff's reply addressed the motion to extend, but did not file an opposition to the counter motion to strike.  During oral argument at the hearing, counsel for the Plaintiff indicated that he was not opposing the counter motion to strike James Schaeffer, as Plaintiff had decided to withdraw him as an expert and had filed a Non-Opposition to the Counter Motion (Dkt. #163).

Having reviewed and considered the moving and responsive papers and the arguments of counsel, the court finds that Plaintiff has not established good cause, let alone excusable neglect for failure to meet the discovery plan and scheduling order deadline for designating an expert witness.  The court also finds that the failure to comply with the November 18, 2011, deadline was neither substantially justified nor harmless.  Accordingly, the Motion to Extend and Modify Discovery Plan and Scheduling Order (Dkt. #152) is denied, and Fidelity's Counter Motion to Strike (Dkt. #161) is granted.

///

**II.     Defendants' Motion to Strike Plaintiff's Rebuttal Expert Witness Designation (Dkt. #165).**

      A.     The Parties' Positions.

Fidelity seeks to strike Marc Brooks as a rebuttal expert designated by counsel for Plaintiff in an expert witness disclosure served December 19, 2011. Fidelity argues that Brooks' report makes it clear that he is not an actual rebuttal expert, but an initial expert who was not timely designated. Fidelity argues that his opinions do not address or rebut previously disclosed expert testimony. In this case, the central issue raised by Plaintiff is whether Fidelity complied with its duties as an escrow holder. Plaintiff did not designate an escrow expert by the November 18, 2011, deadline, and is attempting to get around its failure by designating Brooks as a purported rebuttal escrow expert. Brooks' testimony is proffered to "contradict an expected and anticipated portion of" Fidelity's case, and therefore is not appropriately characterized as rebuttal expert testimony. Although Brooks purports to respond to certain opinions expressed by Fidelity's expert, Mr. Jacobus, he raises additional points and novel arguments that are not responsive or proper critique of Jacobus' opinions. Fidelity therefore asks that Brooks be stricken as an expert witness and prohibited from testifying at trial.

Plaintiff opposes the motion asserting Marc Brooks was timely designated as a rebuttal expert who is tasked with rebutting the opinions expressed by Jacobus in his expert report. Brooks' report identifies the flaws, omissions, and errors in Jacobus' report. Additionally, both the Jacobus report and the Brooks report concern the same individuals, real property, escrow instructions, and transactions during the same time frame. As long as a rebuttal expert witness speaks to the same subject matter addressed by opposing counsel's expert and does not introduce novel arguments, his testimony is proper under Rule 26 and the case law interpreting it in the Ninth Circuit and in this district. The fact that Plaintiff has only designated a rebuttal expert, and not an initial expert, is not grounds to strike his report or exclude his testimony.

Plaintiff points out that Brooks' report repeatedly quotes from the Jacobus report verbatim and follows each quote with an analysis of the faulty logic behind these opinions. The Brooks report quotes and refutes the 20 direct quotes from the Jacobus report and addresses the same subject, *i.e.* an escrow agent's duty of care in his rebuttal report. Citing Federal Rule of Evidence 702, Plaintiff argues that the purpose of expert witness testimony is to help the court clarify complex issues foreign to a layman.

Thus, specific examples Brooks gives in the report "do not exceed the boundaries of a rebuttal expert." Rather, Brooks was simply elaborating and taking his analysis a "step further" by applying the facts of this case "to the standard to evidence Fidelity's breach of its duty of care." As Brooks' report contradicts Jacobus' findings on the duty of care of an escrow agent, his designation is appropriate and the motion should be denied.

Plaintiff's reply reiterates that Brooks' report goes well beyond criticizing statements Jacobus made in his report and introduces novel arguments which are not responsive to the opinions expressed by Jacobus. The last eleven pages of the Brooks report contain only two small references to the Jacobus report, and clearly indicate that Brooks was not retained to provide rebuttal testimony, but initial expert testimony criticizing Fidelity's handling of the escrow files at issue. Fidelity argues that Brooks' citation to quotations from the Jacobus report are used only as an opportunity to use the quote as a springboard to introduce novel arguments not responsive to the actual quote. Additionally, Plaintiff's opposition does not address Fidelity's argument that Brooks' testimony is intended to contradict an expected and anticipated part of Fidelity's case-in-chief, and as such, is not a rebuttal witness.

Fidelity also points out that the first line on the second page of Brooks' report indicated he was retained by co-counsel for Plaintiff on September 22, 2011–two months before Mr. Jacobus was designated and his expert report disclosed to the Plaintiff. Thus, it is clear that Brooks was always intended to testify as an initial expert witness for the Plaintiff. Plaintiff failed to designate him as an initial expert and is now improperly attempting to use him as a rebuttal expert to obtain an extension of the deadline for designating an initial expert.

B.      Applicable Law and Analysis

During oral argument on the motion to extend the discovery and case management deadlines, counsel for Plaintiff acknowledged that if the court granted the 60-day extension requested, Plaintiff would designate Marc Brooks as an expert in Plaintiff's case-in-chief. Counsel for Plaintiff indicated Mr. Brooks could prepare his report within 30 days if leave to designate him was granted. Brooks' rebuttal expert report indicates he was retained September 22, 2011, more than two months before the deadline for designating experts. Thus, it is clear that if allowed, Plaintiff would designate Marc Brooks as an initial expert. However, the fact that if allowed an extension Plaintiff would designate

Brooks as an expert for the Plaintiff's case-in-chief, does not, by itself, mean he has not been appropriately designated as a rebuttal expert to rebut the opinions expressed by Fidelity's escrow expert, Mr. Jacobus.

The purpose of rebuttal testimony is to "explain, repel, counteract or disprove evidence of an adverse party . . . " *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005) (internal quotations omitted). Or stated a bit differently, "[t]he proper function of rebuttal evidence is to contradict, impeach or diffuse the impact of evidence offered by an adverse party." *Peals v. Terre Haute Police Department*, 535 F.3d 621, 630 (7th Cir. 2008). Rebuttal evidence may be introduced to challenge the evidence or theory of an opponent, but may not be used to establish a case-in-chief. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

A rebuttal expert witness may only testify after the opposing party's initial expert witness testifies. *Linder v. MeadowGold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008). The Eighth Circuit has recognized that "the fact that testimony would have been more proper for the case-in-chief does not preclude the testimony if it is proper both in the case-in-chief and in rebuttal." *United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir. 1980). However, rebuttal testimony is not an opportunity to cure oversights in a party's case-in-chief. *Crowley v. Chait*, 322 F.Supp 2d 530, 551 (D.N.J. 2004).

In this case Fidelity retained Mr. Jacobus as an expert to "opine as to the duty of care of the escrow agent in the above-referenced cause of action." Distilled to its essence, Mr. Jacobus' report opines that based on the files, records, deposition testimony and complaint which he reviewed, the escrow agent complied with the duty of care. Plaintiff did not timely designate an escrow expert to offer opinions about an escrow agent's duty of care. Brooks may only testify if Mr. Jacobus testifies at trial and if Brooks' proffered testimony is to explain, repel, contradict, disprove or impeach the opinions of Mr. Jacobus. Distilled to its essence, Mr. Brooks' rebuttal report opines that Mr. Jacobus did not review and consider all of the appropriate and relevant escrow files, instructions, and documents, and that he is wrong that Fidelity handled the escrow accounts in dispute in this case appropriately.

Brooks' report goes on to identify the documents which should have been reviewed, and why he believes Jacobus is wrong about his opinions that Fidelity handled the escrow appropriately. In a

nutshell, Brooks concludes that Fidelity's handling of the escrow account was incompetent, negligent, and breached the responsibilities of an escrow agent for the reasons his report outlines. Most, if not all of his opinions most certainly would be useful to the Plaintiff in its case-in-chief. However, Brooks will not be permitted to testify in Plaintiff's case-in-chief, and will only be permitted to testify if the Plaintiff survives a Rule 50 motion after the presentation of the case-in-chief and only if Mr. Jacobus testifies as an expert during the defense case-in-chief. The court will deny the motion to the extent it seeks to strike the entire report and preclude Brooks from testifying at all in the Plaintiff's rebuttal case.

However, the court concurs with counsel for the Defendants that much of Brooks' report uses language gleaned from the two-page expert report of Mr. Jacobus to launch into opinions that should have been disclosed in an initial expert report. For example, on page five of Mr. Brooks' report, he quotes a line from Mr. Jacobus' report that "the third party does not have an interest in the transaction other than issuing title insurance, and generally serves to accommodate both parties' request for finalizing real estate transactions." Brooks uses this general statement to offer an opinion that in this case, Fidelity should have caused the new $150,000 second deed of trust and cause a title insurance policy to be issued based on the written instruction they accepted and based on the facts that they dispersed funds. Parroting the word "accommodate" from Mr. Jacobus' opinion, Brooks states that Fidelity did not accommodate both parties and breached their responsibilities for ten reasons he goes on to state.

Similarly, on the following page, he quotes Jacobus' statements that "the escrow agent is bound to follow parties' instructions." He responds by opining that the escrow agent is only bound to follow instructions that are clear, complete and properly executed, and that an escrow holder can refuse to honor instructions in certain circumstances. However, he expands his critique of Mr. Jacobus' opinion by opining that there are multiple cases in this transaction in which the escrow holder failed to comply with both the lenders' and borrowers' written instructions, selectively decided to comply with some of the lenders' and borrowers' written instructions, and in other cases dispersed trust funds without any written instruction from the lender or the borrower. The report is rife with examples of opinions Brooks offers that exceed the scope of appropriate rebuttal testimony. He characterizes Fidelity's handling of the escrow as incompetent and negligent, and makes "observations" about the escrow

accounts in Sections IV, V, and VI which do not refute, rebut, contradict or impeach the opinions of Mr. Jacobus. Similarly, the majority of his summary in VIII of his report exceeds testimony to rebut Jacobus. Finally, his conclusions in Paragraph 6 and 7 are well outside the bounds of appropriate rebuttal testimony.

Having reviewed and considered the matter, and for the reasons stated,

**IT IS ORDERED** that:

1. Defendants' Motion to Strike Rebuttal Report (Dkt. #165) is **GRANTED in part** and **DENIED in part.** The Motion is **DENIED** to the extent it seeks to strike the entire report of Plaintiff's rebuttal expert Marc Brooks, and preclude him from testifying as a rebuttal expert. The motion is **GRANTED** to the extent that Marc Brooks shall not testify unless Mr. Jacobus testifies as an expert during the defense case-in-chief. Additionally, Brooks shall be precluded from testifying on the portions of the report identified in the body of this order which the court has found exceed the scope of appropriate rebuttal opinions.

2. Counsel for the parties shall forthwith meet and confer to schedule the deposition of Mr. Brooks as soon as possible within the next 30 days, unless for good cause shown the parties are unable to arrange the deposition despite the exercise of due diligence.

Dated this 19th day of January, 2012.

_____
Peggy A. Leen
United States Magistrate Judge