# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES H. DONELL, PERMANENT RECEIVER,

           Plaintiff,

vs.

FIDELITY NATIONAL TITLE AGENCY OF NEVADA, INC., et al.,

           Defendants.

Case No. 2:07-cv-00001-KJD-PAL

**ORDER**

(Mtn to Compel - Dkt. #177)

On February 28, 2012, the court held a hearing on Defendant Rita Flood's Motion to Compel Discovery Responses and Request to Extend the Deadline for Filing Dispositive Motions (Dkt. #177). Present at the hearing were William Schuller on behalf of the Plaintiff, and Douglas Gerrard and Brian Reeve on behalf of the Defendants. The court considered the motion, Defendant Fidelity National Title Agency of Nevada, Inc.'s Joinder (Dkt. #181), filed February 3, 2012, Plaintiff James H. Donell's Opposition (Dkt. #185), filed February 17, 2012, Defendant Flood's Reply (Dkt. #191), filed February 23, 2012, and Defendant Fidelity's Joinder to Defendant Flood's Reply (Dkt. #192), filed February 23, 2012. After considering the moving and responsive papers and the arguments of counsel at the hearing, the court granted Plaintiff's motion to compel and ordered the Plaintiff to supplement his discovery responses and/or clarify his position within 14 days, or March 13, 2012. The court continued the matter for a further status and dispute resolution conference to address any disputes concerning the adequacy of the Plaintiff's supplemental responses, and directed the parties to file a joint status report no later than March 16, 2012, identifying any remaining disputes and the parties' respective positions with respect to those disputes. At the March 23, 2012, status and dispute resolution conference, Randolph

Howard appeared on behalf of the Plaintiff, and Douglas Gerrard and Brian Reeve appeared on behalf of the Defendants.

## BACKGROUND

The complaint in this case was filed January 3, 2007. Plaintiff James H. Donell ("Donell") was appointed permanent receiver of Global Express Capital Real Estate Investment Fund I, LLC, Global Express Capital Mortgage Corp., Global Express Securities, Inc., Conrex International Financial, Inc., d/b/a Global Express Capital Mortgage, ("the Global Entities") and their subsidiaries and affiliates, on December 18, 2003, in an action brought by the Securities and Exchange Commission filed in this court, Case No. 2:03-cv-01514-KJD-LRL. The complaint alleges claims for breach of contract, breach of fiduciary duty, fraud, constructive fraud, professional negligence, negligence, negligent misrepresentation, intentional misrepresentation, and violation of RICO Statute 18 U.S.C. § 962 (c) and 962 (d). Individual Defendants Connie and Rex Farris have been dismissed. Additionally, the district judge approved the parties' stipulation to dismiss Plaintiff's claim for breach of contract against Fidelity and intentional misrepresentation claim against both Defendants Fidelity and Flood with prejudice on March 2, 2012. See Stipulation (Dkt. #196) and Order (Dkt. #197).

On December 9, 2011, Defendant Flood served her First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents on Plaintiff. On January 11, 2012, Plaintiff served his responses. On January 17, 2012, Flood's counsel requested to meet and confer to discuss Plaintiff's responses to Flood's written discovery requests, and the parties met and conferred on January 20, 2012.

On January 24, 2012, Flood's counsel received a letter from Mr. Schuller outlining Plaintiff's position regarding Flood's objections. Plaintiff also provided supplemental responses to two of the thirty-two responses to which Flood objected. The Motion to Compel (Dkt. #177) followed.

## DISCUSSION

**I.    The Parties' Positions.**

    **A.    Defendant Flood's Motion to Compel (Dkt. #177).**

Defendant Flood requested an order compelling Plaintiff to respond to her written requests for discovery, or in the alternative, for an order deeming Plaintiff's responses as admissions that Plaintiff

does not have responsive evidence. Defendant Flood also requested that Plaintiff be precluded from presenting evidence at trial related to the topics in her written discovery requests and sought an extension for filing her dispositive motion until thirty days after Plaintiff provided supplemental responses.

### 1.   Plaintiff's Responses to Defendant Flood's Interrogatories.

Defendant Flood asserted Plaintiff's responses to Interrogatories 4 through 24 were deficient. Plaintiff invoked the business records provision of Rule 33(d) of the Federal Rules of Civil Procedure to avoid his duty to provide complete and accurate responses. In response to Interrogatory Nos. 4 through 24, Plaintiff lodged no objections, and responded with the following narrative to each: "Plaintiff answers this interrogatory pursuant to the provisions of FRCP 33(d). Documents consisting of about 800 boxes and computers responsive to this request are available for inspection and copying at 12001 W. San Vicente Boulevard, Suite 002, Brentwood, California 90049, at a mutually convenient time."

Defendant Flood asserted that Plaintiff's use of Rule 33(d) was improper because answers to interrogatories must be responsive, full, complete, and non-evasive. Defendant acknowledged that Rule 33(d) permits a party to answer an interrogatory by specifying records from which the answers may be obtained and making the records available for inspection in lieu of providing a narrative response. However, Flood asserted Plaintiff must specify the actual documents where the information will be found, as well as the location of the documents within the storage facility's eight hundred boxes and computer hard drives. It is not sufficient, Defendant contends, to make vague references to documents without providing more detail to enable Defendant to find them.

Additionally, Defendant Flood asserted some Interrogatories could not be properly responded to by referring to business records because they ask Plaintiff to identify evidence he thinks supports his claims or to provide an explanation. For example, Interrogatory No. 6 asks Plaintiff to identify the factual difference between Plaintiff's fifth and tenth causes of action, for fraud and intentional misrepresentation, respectively. Interrogatory Nos.7-13, 17, and 18 are contention interrogatories that cannot properly be responded to by referring generally to eight hundred boxes of documents.

Defendant also noted that when Plaintiff was appointed as receiver eight years ago, he took

control of the receivership entities' business records and computers, examined and categorized them, boxed them, and took them to a storage facility. Thus, Plaintiff is more familiar with what the boxes in the California storage facility contain, how they are categorized, and where the responsive documents are located. Thus, the burden of obtaining the answers to the interrogatories is not "substantially the same" for both parties, as required by Rule 33(d). Only Plaintiff is aware of the documents he relied upon in drafting the Complaint, and Plaintiff has not specified which documents within the eight hundred boxes are responsive to each request. Referring to an enormous group of documents does not comply with the requirements of Rule 33(d). Defendant also represented that many of the boxes pertain to an SEC case against various receivership entities that are not relevant to this case.

Finally, Plaintiff did not produce the eight hundred boxes of documents during discovery. He produced thousands of pages of documents and Bates stamped each page so the documents could be identified. Discovery has now closed. By representing that the answers to Flood's interrogatories could be found in the eight hundred boxes of previously undisclosed documents, Plaintiff was either conceding he violated Rule 26(a) by not disclosing documents supporting his claims, or that he has no admissible evidence to support his claims.

**2.      Plaintiff's Responses to Defendant Flood's Requests for Admissions.**

Defendant asked the court to compel Plaintiff to provide proper supplemental responses to Defendant Flood's Requests for Admissions ("RFA"), or alternatively, deem Plaintiff's responses admissions that no evidence exists. Defendant asserted Plaintiff's responses to RFA Nos. 1-4 were insufficient. RFA No. 1 asks Plaintiff to admit he does not have any documents containing a misrepresentation by Defendant Flood to the Fund. Plaintiff denied the request, stating he has not finished reviewing documents produced by Defendant Fidelity National Title Agency of Nevada, Inc. ("Fidelity") during discovery. After receiving this response, defense counsel asked Plaintiff's counsel how much time he needed. Plaintiff's counsel responded that he would review the documents "sometime before trial." Flood argued Plaintiff's response was improper.

RFA Nos. 2-4 request information concerning payments of money to receivership entities from Fidelity or the Fund. Plaintiff denied these RFAs on the basis that he could not state with certainty whether the entities received money from the Fund. Defendant Flood asserted Plaintiff's responses

were insufficient because Plaintiff did not state whether he made a reasonable inquiry, and any information needed to respond is uniquely within Plaintiff's control.  Essentially, Plaintiff responded that he lacked knowledge or information to unequivocally admit or deny the requests.  Under Rule 36(a)(4), however, this claim can only be made if Plaintiff states he has made a reasonable inquiry, and the information he knows or can readily obtain is insufficient to enable him to admit or deny the request.  Plaintiff did not comply with this requirement.  Additionally, Plaintiff has been the receiver for over eight years, and he obtained a forensic accountant to analyze the receivership entities' bank records.  Thus, the information to respond to these requests is in Plaintiff's or his forensic accountant's possession, and Plaintiff's responses were improper.  As indicated, the court granted the motion to compel and directed the Plaintiff to supplement his responses to the request for admissions in dispute.  Plaintiff timely supplemented the responses, and the Defendants concede the supplemental responses are sufficient.

### 3. **Plaintiff's Responses to Defendant's Requests for Production of Documents.**

Defendant Flood's Requests for Production of Documents ("RPD") are linked to her RFAs so that if Plaintiff denied an RFA, he was asked to produce documents supporting that denial.  Plaintiff did not produce or identify documents already produced in response to the RPDs.  Instead, he directed Defendant Flood to look through eight hundred boxes of documents without specification or categorization of where the responsive documents could be found.

Defendant Flood asserted Rule 34(b)(2)(E) requires a party to either produce documents as they are kept in the ordinary course of business or label and organize them to correspond to categories in the request.  Plaintiff's responses did not comport with either of these requirements.  The court agreed, and directed the Plaintiff to supplement his responses to Plaintiff's requests for production.  Defendants acknowledged that Plaintiff timely served supplemental responses to Flood's request for production of documents, and that the supplemental responses are adequate.

### 4. **Request to Extend Dispositive Motion Deadline.**

Defendant Flood requested an extension of time to file her dispositive motion on the grounds Plaintiff's failure to timely respond to her written discovery requests impeded her ability to prepare her motion.  She initially requested thirty days after Plaintiff provided supplemental responses to file her

dispositive motion. At the March 20, 2012, hearing, counsel for Flood indicated that she had already filed a motion for summary judgment and was no longer seeking an extension.

### B.  Defendant Fidelity's Joinder (Dkt. #181).

Fidelity joined Flood's motion to compel arguing that the receiver has had five years during which this case has been pending, and eight years in which he as been appointed receiver to gather evidence supporting Plaintiff's claims. Plaintiff provided the same responses to Fidelity's written discovery requests, referring counsel to Fidelity to the eight hundred boxes of documents stored in California. Counsel for Fidelity spent considerable time and effort reviewing the documents and imaged the hard drives of the computers. Fidelity claims little, if any, relevant information was gleaned from this extensive and expensive effort. Counsel for Fidelity contends that there was nothing in the eight hundred boxes of documents to support Plaintiff's intentional misrepresentation, fraud or fraudulent concealment claims.

Fidelity also asked for an extension of time to file dispositive motions until after receiving Plaintiff's supplemental written discovery responses. However, at the March 20, 2012, hearing, counsel for Fidelity withdrew its request indicating Fidelity had also filed a motion for summary judgment.

### C.  Plaintiff's Opposition (Dkt. #185).

#### 1.  Defendant Flood's Interrogatories.

Plaintiff asserted his responses to Defendant Flood's interrogatories were appropriate under Rule 33(d). Directing Defendant Flood to examine the eight hundred boxes of documents and computers in the California storage facility specified the records to be reviewed and gave Flood a reasonable opportunity to review them. The court dismissed the fraud claim in this case, and therefore, interrogatories regarding this claim are moot. With respect to the remaining interrogatories, Plaintiff is not suggesting Defendant Flood engage in guesswork or speculation and the documents in the storage facility "speak for themselves."

In response to Flood's argument that the burden of ascertaining the evidence is not substantially the same for both parties, Plaintiff asserted he reviewed the documents and computers in the storage facility several years ago and "without an eye to answering interrogatories." He claimed he is no longer as familiar with the documents as he once was, and the burden of reviewing the documents and the hard

drives would be equally burdensome for him as it would be for Defendant Flood. In fact, Plaintiff argued that because Flood's defense costs were presumably paid for by Fidelity the financial burden of responding to these discovery requests is more burdensome on the estate and victims of the underlying Ponzi scheme.

### 2. Defendant Flood's Requests for Admissions.

Plaintiff claimed that his responses to Defendant Flood's RFA were proper. He contended Fidelity produced tens of thousands of documents in this case to which Defendant Flood also has access. Plaintiff acknowledged his duty to supplement his responses. Flood's RFA No. 4 is moot because it seeks information regarding the Valdez escrow, and Plaintiff is no longer seeking damages related to that matter. Plaintiff disputed that he should have possession of the documents responsive to the RFAs, noting these documents were only recently produced by Fidelity on January 18, 2012.

### 3. Defendant Flood's Requests for Production of Documents.

Plaintiff maintained his responses to Flood's RPD Nos. 1-4 complied with Rule 34(b)(2)(E) because he produced the documents as kept in the usual course of business. They were produced as stored, and Plaintiff is not required to organize or label the documents. Plaintiff reiterated that the documents in the storage facility are admissible at trial because they were produced by Fidelity.

Plaintiff opposed the Defendants' request to continue the dispositive motion deadline asserting the Defendants should not have waited until the end of discovery to serve written discovery requests needed to support a dispositive motion.

### D. Defendant Flood's Reply (Dkt. #191).

Flood replied that Plaintiff's discovery responses directly contradicted his sworn deposition testimony. The discovery responses directed Flood to inspect documents and computers in the California storage facility. However, at his deposition, Plaintiff testified that he and his staff reviewed the documents on multiple occasions and did not find any files relating to the specific loan transactions at issue in this case. Thus, Plaintiff cannot inconsistently respond to written discovery requests referring the Defendants to eight hundred boxes of documents and computers which Plaintiff claims he reviewed and contained no responsive information.

Flood's reply withdrew her request for an extension of the dispositive motion deadline.

**II.    Law & Analysis.**

    **A.    Interrogatories.**

Rule 33(d) of the Federal Rules of Civil Procedure provides:

> *Option to Produce Business Records.* If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts. or summaries.

*Id.*

The Rule permits a party to "answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection." *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711F.2d 902, 906 (9th Cir. 1983) (citing former Rule 33(c) and 1980 Advisory Committee's Note)[1]. When this business records option was revised in 1980, the Advisory Committee noted that when a responding party directs an interrogating party to a "mass of business records," it is an abuse of Rule 33(d). Fed.R.Civ.P. 33, 1980 Advisory Committee's Notes. The proper way to use Rule 33(d) is to offer records in a manner that permits the same direct and economical access that is available to the responding party. *Id.* The Committee also clarified that "a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." *Id.*

The Ninth Circuit has also held that a party using Rule 33(d) in response to an interrogatory must "specify where in the records the answers can be found." *Id.* In *Rainbow Pioneer,* an interrogatory asked a party about certain funds the party was alleged to have diverted to itself. The party responded that "the answers could be found 'in partnership books of accounts, banking accounts, records, computer printouts, ledgers, and other documents.'" *Id.* The Ninth Circuit found this answer

---

[1] Former Rule 33(c) is the same as current Rule 33(d). *See* Fed.R.Civ.P. 33(d), 1993 Advisory Committee's Notes.

was inadequate because the party had failed to specify where in the records the requested information could be found. *Id.* Other courts have reached similar conclusions. *See, e.g., Cambridge Electronics Corp. v. MGA Electronics,* 227 F.R.D. 313 (C.D. Cal. 2004) (collecting cases and noting some of the responding party/plaintiff's answers were "suspect on their face" because the interrogatory requested evidence supporting plaintiff's claims. The court stated that it was "unlikely that such theories and evidence could be found in plaintiff's business records"); *O'Connor v. Boeing North American, Inc.,* 185 F.R.D. 272, 278 (C.D. Cal. 1999) (if the records are voluminous, the responding party must produce an index designed to guide the searcher to the documents responsive to the interrogatories); *Walt Disney Co. v. DeFablis,* 168 F.R.D. 281, 284 (C.D. Cal. 1996) (finding answers insufficiently detailed to comply with Rule 33(d) because they did not specify where in the records the answers could be found); *In re G-I Holdings, Inc.*, 218 F.R.D. 428, 438 (D. N.J. 2003) (noting "[t]he option afforded by Rule 33(d) is not a procedural device for avoiding the duty to give information. The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them. . . . Rather, the responding party has a duty to specify, by category and location, the records from which he knows the answers to the interrogatories can be found").

    **B.**    **The February 28, 2012 hearing.**

At the February 28, 2012, hearing, the court granted Flood's motion to compel further discovery responses and ordered Plaintiff to supplement his discovery responses within 14 days of the hearing. The court found Plaintiff's answers to Flood's Interrogatory Nos. 2-24 were insufficient, evasive and incomplete. Plaintiff initially answered these twenty-two different interrogatories by directing Flood to examine and inspect over eight hundred boxes of documents and several computer hard drives located in a storage facility in California. These documents and computer hard drives were not produced in discovery, or in Plaintiff's initial disclosures. He did not provide an index or table of contents or summary of the material in the storage facility. The documents were voluminous and did not specify, by category and location, the records from which each answer could be derived.

The court also rejected Plaintiff's arguments that the burden of reviewing these documents was substantially the same for the Plaintiff and Defendants. A party is generally charged with knowledge of

the contents of records available to it. 8B Wright, Miller & Marcus, *Federal Practice & Procedure* § 2177 (3d ed. 2010). Additionally, Plaintiff has been in control of the documents for more than eight years. The receiver testified at his December 2010, deposition that he and his staff searched the documents "time and time again." His familiarity with and methods of organizing the records would facilitate a review of the records in a way unavailable to Defendant Flood. *See T.N. Taube Corp. v. Marine Midland Mortg. Corp.,* 163 F.R.D. 449, 454 (W.D.N.C. 1991).

At the February 28, 2012, hearing, counsel for Plaintiff maintained that the Plaintiff's answers were sufficient. The court inquired of counsel for Plaintiff whether he would stipulate that the Plaintiff had no evidence to support these interrogatory responses other than the information that was specifically provided, and whether he could agree to be precluded from introducing any evidence not disclosed. Counsel for Plaintiff indicated he could not make such a commitment. His response illustrates why the answers to interrogatories provided were deficient, evasive and non-responsive. The court, therefore, ordered the Plaintiff to supplement his answers to Interrogatories Nos. 2-24 within fourteen days of the hearing. The court continued this for a further status and dispute resolution conference on March 20, 2012, directing the parties to file a joint status report addressing the parties' positions with respect to the adequacy of the Plaintiff's supplemental responses.

The parties filed a Joint Status Report (Dkt. #204) on March 16, 2012. Defendants Flood and Fidelity acknowledged that Plaintiff timely served supplemental discovery responses on March 13, 2012. Defendants regard the Plaintiff's supplemental responses to Flood's request for admissions and request for production of documents as adequate. However, Flood and Fidelity asserted Flood's Answer to Interrogatories Nos. 7, 9-13, and 16 were inadequate or required further clarification. Defendants therefore requested an order requiring the Plaintiff to provide supplemental responses to these interrogatories. Alternatively, Defendants requested that the court enter an order precluding Plaintiff from (1) offering evidence on the topics identified in Interrogatories 9, 10, 11, or (2) "making the legal arguments set forth in the supplemental responses as no evidence has been identified or disclosed to support such arguments." Similarly, the Defendants sought an order precluding the Plaintiff from presenting evidence in support of his negligent misrepresentation claim, and from presenting any investor testimony at trial because of Plaintiff's failure to provide sufficient Answers to

Interrogatories Nos. 12, 13 and 16.  Finally, Flood requested reasonable attorneys fees in the amount of $5,555.00 for fees and costs incurred in filing the motion to compel.  Counsel for Fidelity sought attorneys fees and costs in the amount of $16,839.56 for traveling to California to review the eight hundred boxes of documents which Plaintiff identified as responsive to Fidelity and Flood's discovery requests.

### C. The March 20, 2012 hearing.

At the March 20, 2012, hearing, counsel for Plaintiff indicated that the attorney responsible for supplementing the discovery responses had left the firm on short notice because of a family emergency.  He understood that the associate, Mr. Schuller, had served the Defendants with a second supplemental set of answers to interrogatories.  However, in reviewing the file in court, he determined there was no certificate of service.  Counsel for the Defendants indicated they had not received second supplemental answers to interrogatories.  The court reluctantly continued this matter yet again for a status and dispute resolution conference to allow Plaintiff to serve the second supplemental set of answers to interrogatories, and give the Defendants an opportunity to review them for adequacy.  The court also directed that counsel for the Plaintiff provide a courtesy copy of the second supplemental answers to the court for review before the continued status and dispute resolution conference on March 23, 2012.  Counsel for Plaintiff complied with the order.  Plaintiff served second supplemental responses to Interrogatories Nos. 7, and 9-12.

### D. The March 23, 2012 hearing.

At the March 23, 2012, hearing, counsel for Defendants acknowledged receipt of Plaintiff's second supplemental answers to interrogatories, and agreed that Plaintiff's supplemental responses to Interrogatories Nos. 9, 10 and 11 were adequate.  However, counsel argued answers to Interrogatories Nos. 7 and 12 were still deficient, and materially contradicted the prior answers to interrogatories, and positions taken by Plaintiff's counsel during the meet-and-confer sessions, and in open court.  Specifically, counsel for Plaintiff previously took the position no response to these interrogatories was required because Plaintiff's tenth claim for intentional misrepresentation had been dismissed, and Plaintiff's fifth claim for fraud had been dismissed.  However, the second supplemental responses to these interrogatories provided substantive responses.

Counsel for Plaintiff explained that he understood after the last hearing that Defendants were still seeking supplementation of answers to Interrogatories Nos. 7 and 12 because Plaintiff's complaint incorporated paragraphs 45 and 47 by reference, and as such, certain claims may "retain vitality". For this reason, Plaintiff provided a substantive response to both interrogatories. The court inquired whether the Plaintiff intended to introduce any evidence of intentional misrepresentation by Flood or Fidelity at trial. Mr. Howard responded that all of the evidence that Plaintiff intends to rely upon at trial comes from the Defendants' own records which were produced in discovery in this case, and in particular, the escrow instructions. Plaintiff's position is that some of the escrow instructions are very explicit about what the escrow agent was required to do, while others were not so clear. Plaintiff does not want to be foreclosed from arguing that the escrow agent's failure to follow escrow instructions was "an implicit intentional act which breached the escrow agent's fiduciary duty."

Counsel for Fidelity responded that Plaintiff's second supplemental answers to Interrogatories Nos. 7 and 12 essentially seek to reintroduce evidence of fraud and intentional misrepresentation claims that have been dismissed.

### E. Analysis and Conclusion.

Plaintiff's Fifth Claim for Relief, which has now been dismissed, initially asserted a fraud claim against all Defendants. Paragraph 42 incorporated by reference Paragraphs 1 - 41 of the complaint. Interrogatory No. 7 addressed Paragraph 45 of the complaint which alleges:

> The Fidelity Parties intentionally failed to fulfill their obligation pursuant to the various escrow agreements and intentionally misrepresented to the Plaintiff material facts that the deeds of trust would be and were properly recorded regarding the Properties.

Interrogatory No. 7 asks:
> Please identify the evidence supporting Your allegation that Flood "intentionally failed to fulfill [her] obligation pursuant to the various escrow agreements" as asserted in paragraph 45 of the Your Complaint.

Plaintiff's supplemental response to Interrogatory No. 7 stated:

> Plaintiff responds that a response to this interrogatory is no longer required as Plaintiff's Tenth Claim for Relief (Intentional Misrepresentation) has been dismissed.

Plaintiff's second supplemental response to Interrogatory No. 7 states:

> Plaintiff responds that Flood did not make disbursements and did not record the second

> deed of trust pursuant to the written instructions for the St. Moritz escrows and concludes Flood did so intentionally. Flood's actions aided Connie Farris' Ponzi scheme, which victimized investors in Global Express Capital Real Estate Investment Fund I, LLC ("the Fund").

The court finds that Plaintiff's second supplemental answer to Interrogatory No. 7 is non-responsive, evasive, and inconsistent with the position previously taken that no response was necessary because the negligent misrepresentation claim has been dismissed. It does not provide any information identifying what evidence the Plaintiff has to support her conclusion that Flood intentionally did not record the second deed of trust pursuant to the written instructions of the St. Moritz escrows, and that her actions aided Connie Farris' Ponzi scheme. Rather, the supplemental response consists of counsel's conclusion from a review of the file. The answer does not apply any facts to the law to support the conclusion. It essentially consists of the *ipse dixit* of Plaintiff's counsel, i.e., because I say so.

Interrogatory No. 12 addressed Paragraph 47 which is also an averment directed to Plaintiff's dismissed fraud claim. It alleges:

> Plaintiff is informed and believes and thereon alleges that the Fidelity Parties, on more than one occasion, actively concealed and intended to disburse the Escrow Deposits and retain the escrow fees while intentionally failing to record the deeds of trust against the Properties in order to aid Farris in their Ponzi scheme and ultimately defraud the Fund.

Interrogatory No. 12 asks:

> Please identify the evidence supporting Your allegation that Flood "actively concealed and intended to disburse the Escrow Deposits and retain fees while intentionally failing to record the deeds of trust against the Properties in order to aid Farris in their Ponzi scheme and ultimately defraud the fraud" as asserted in paragraph 47 of Your Complaint.

Plaintiff's supplemental response to Interrogatory No. 12 stated:

> Plaintiff responses [sic] that a response to this interrogatory is no longer required as Plaintiff's Fifth Claim for Relief (Fraud) has been dismissed.

Plaintiff's second supplemental responses to Interrogatory No. 12 states:

> Please see attached escrow instructions Bates–numbered DFID 000334-35; DFID 000369-71; and DFID 000501-02; and escrow accounting reports from Fidelity, DFID 000095 and 98; DFID 000367-8; DFID 000492 and DFID 002064-2072.

The court finds that Plaintiff's second supplemental answer to Interrogatory No. 12 is also non-responsive, evasive, and inconsistent with his supplemental answer to this interrogatory. It does not

identify what, if any, evidence Plaintiff has that Flood actively concealed and intended to disburse escrow deposits and retain fees while intentionally failing to record the deeds of trust against the properties to aid Farris in their Ponzi scheme.  Rather, it answers the interrogatories by referring the Defendants to the escrow instructions and escrow accounting reports produced in this case.  It essentially consists of a response to read the documents and figure it out for yourself.

Counsel for Plaintiff was ordered to provide responsive answers to the disputed interrogatories, and given two opportunities to further supplement his responses.  Under the circumstances, the court finds that preclusion sanctions are appropriate given Plaintiff's persistent failure to provide a complete response to these basic contention interrogatories.  Plaintiff shall be precluded from introducing any evidence that Flood intentionally did not record the second deed of trust pursuant to written instructions for the St. Moritz escrows and/or did so with an intention to aid Connie Farris' Ponzi scheme.  Plaintiff shall also be precluded from introducing evidence that Flood actively concealed and intended to disburse the escrow deposits and retain fees while intentionally failing to record the deeds of trust against the properties in order to aid Farris in their Ponzi scheme and ultimately defraud the fund as asserted in paragraph 47 of the complaint.

The court will also order Plaintiff to pay Flood's reasonable attorney's fees incurred for the necessity of filing the motion to compel, and for attending the multiple hearings conducted on the motion to compel and follow-up status and dispute resolution hearings.  However, the court will deny Fidelity's request for nearly $17,000.00 in monetary sanctions for the time spent reviewing the eight hundred boxes of documents.  Counsel for Fidelity elected to review the materials rather than seek relief from the court.  Additionally, the documents were reviewed after the receiver testified at his deposition that he and his staff had gone through the documents time and again and had not located anything responsive.

For all of the foregoing reasons,

**IT IS ORDERED** that:

1. Defendant Flood's Motion to Compel (Dkt. #177) is **GRANTED** and Plaintiff shall be precluded from introducing evidence responsive to answers to Interrogatory Nos. 7 and 12 consistent with the body of this order.

2. Defendant Flood's request for reasonable costs and attorneys fees incurred for the necessity of filing the motion to compel is **GRANTED**.

    a. Flood shall, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in bringing its motion. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

    b. Counsel for Plaintiff shall have 14 days from service of the memorandum of costs and attorneys' fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

3. Defendant Fidelity's request for monetary sanctions incurred for the cost of traveling and reviewing the eight hundred boxes of documents is **DENIED.**

Dated this 2nd day of April, 2012.

 

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE